IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JOSH MOREING, | Case No. 1:24-cv-01238-CL |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| SONIC, | |
| Defendant. | |

**CLARKE**, Magistrate Judge.

Plaintiff Josh Moreing, a self-represented litigant, seeks to proceed *in forma pauperis* ("IFP") in this action against Defendant Sonic. For the reasons below, Plaintiff's Complaint (#1) is DISMISSED without prejudice and with leave to refile an amended complaint within thirty days. Plaintiff's IFP Application (#2) will be held in abeyance and reconsidered along with the amended complaint, if filed.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief

1 – Opinion and Order

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint here fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied, and the Court must deny Plaintiff's request.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Federal courts, like this one, are courts of "limited jurisdiction," meaning that their ability to hear cases and issue binding orders is restricted. Generally, only two types of cases may be heard in federal court: cases in which a citizen of one state sues a citizen of another over an amount that exceeds $75,000.00 ("diversity of citizenship jurisdiction") and cases arising under a specific provision in the United States Constitution, a federal law, or a treaty ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331–32.

2 – Opinion and Order

Plaintiff has completed the paperwork provided by the Court titled, "Complaint for a Civil Case." Compl. (#1). According to the form, Plaintiff intends to bring suit against Sonic in Medford, Oregon. His statement of claim, however, is confusing and disjointed. It merely states:

> My situation is my job is working me under 20 hours a week now which is illegal and they didn't let me go to the restroom and before they did that it was the girls restroom...which is defamation of character because they are accusing me to be a girl

*Id.* at 4 (errors in the original). The statement of relief is likewise unclear. It provides:

> Labor laws would be federal its just how you work because under 20 hours its negligence at federal level so negligence 2 times and defamation of character

*Id.* In the section titled, "Basis for Jurisdiction," Plaintiff checked the box for Federal question jurisdiction, but otherwise provided no further information. *Id.* at 3.

Based on the minimal factual matter alleged, the Court is unable to decipher what legal harms occurred and what relief is sought by Plaintiff. First, nothing illegal has been alleged. Simply working under 20 hours per week is not illegal, nor a violation of labor laws, and providing mixed-gender bathrooms is not defamation. Second, its unalleged whether Defendant Sonic is Plaintiff's employer. Without such a connection, there is nothing pled in the Complaint that would allow the Court to draw the inference that Sonic is liable for any misconduct to Plaintiff. Third, in order for this Court to have jurisdiction over the matter, it must be demonstrated that some federal law, treaty, or provision of the U.S. Constitution underlies this cause of action. Merely checking the box referencing the Fair Labor Standards Act is insufficient. Without adequately stating a claim for relief, the Court cannot grant Plaintiff's request and must dismiss the Complaint.

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings

by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

The Complaint here fails to state a legally cognizable claim for relief. However, because it is not entirely clear that the deficiencies cannot be cured by amendment, Plaintiff is granted one opportunity to amend and cure the deficiencies identified above.

The Court notes that this is Plaintiff's third cause of action filed since February of this year. The other two cases include *Moreing v. Army*, Civ. Case No. 1:24-cv-00249-CL, filed on February 6, 2024, and dismissed on April 8, 2024, and *Moreing v. New Horizons*, filed on July 18, 2024, and dismissed with leave to amend on July 25, 2024. In all three cases, the complaints suffered the same deficiency: the pleadings were too minimal to make out a claim. Plaintiff is encouraged to heed the Opinions issued in those cases prior to submitting any amended complaints or filing any new lawsuits. Plaintiff need not state the legal basis for his claims perfectly, but he must at a bare minimum state facts sufficient for the Court and the other parties to determine who violated his rights, how they violated his rights, and the time and place of the incident. For more guidance on how to properly state a claim and file a complaint, Plaintiff may also consult the Court's "Guide for Self-Representation," which can be found at the District of Oregon's public website <www.ord.uscourts.gov> under the tab entitled "Information about representing yourself."

If this pattern continues, the court is permitted to issue an order that would require Plaintiff to seek permission from the court prior to filing any future suits as a way of stemming abusive litigation, subject to specific restraints and requirements. *See Johns v. Town of Los*

4 – Opinion and Order

*Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993); 28 U.S.C. 1651(a); *see also De Long v. Hennessey*, 912 F.2d 1144, 1147–49 (9th Cir.1990).

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to file an amended complaint within thirty (30) days. If Plaintiff fails to file an amended complaint, or fails to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP Application (#2) will be held in abeyance and reconsidered along with the amended complaint, if filed.

DATED this 12 day of August, 2024.

MARK D. CLARKE
United States Magistrate Judge